**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **CAROLINE TOKAR,** *et al.,* | * | Case No.  3:24-cv-2255 |
| | * | |
| Plaintiffs, | * | Judge Jack Zouhary |
| **v.** | * | |
| | * | **ANSWER OF DEFENDANTS SHERIFF** |
| **TODD CORBIN,** *et al.* | * | **TODD CORBIN, SHANNON LYONS,** |
| | * | **JOSHUA KAUFMAN AND COTY** |
| Defendants. | * | **BRAVO** |
| | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Defendants Sheriff Todd Corbin, Shannon Lyons, Joshua Kaufman and Coty Bravo

("Defendants") state for their Answer to Plaintiffs' Complaint with Jury Demand ("Complaint")

as follows:

1.      Defendants deny the allegations of Paragraph 1 of the Complaint.  Further

pleading, Defendants state that it has not been established that Amanda Dean is actually dead,

that Frederick Reer murdered her, or if he did, where it happened (in Huron County or someplace

else), when it happened, and what became of her body.  The Huron County Sheriff's Office did

undertake a missing person's investigation in July 2017, during which it was determined that

Amanda Dean was safe at a women's domestic violence shelter.  The Dean family was informed

of the results of the investigation.  Thereafter, the family made no contact with the Sheriff's

Office for more than five years.   Then, in December 2022, apparently at the instigation of local

media personalities or advocacy groups, the family reported to the Sheriff's Office that Amanda

Dean had been missing for more than five years and requested proof that she was alive.  At that

time, the Sheriff's Office commenced a new investigation, then requested the investigation be undertaken by the Ohio Bureau of Criminal Investigation which thereafter was responsible for the case.

2.      Defendants deny the allegations of Paragraph 2 of the Complaint.  Further pleading, Defendants state that the Huron County Sheriff's Office ("HCSO") has responded to public records requests and inquiries made by both Plaintiffs and their media advocates. Nobody associated with the HCSO with authority to speak about the case has made any false or misleading statements whatsoever.

3.      Defendants deny the allegations of Paragraph 3 of the Complaint.  Further pleading, Defendants state that Sheriff Corbin -- not Plaintiffs -- asked the Ohio Bureau of Criminal Investigation to undertake an independent investigation of Amanda Dean's disappearance.  Moreover, neither Plaintiffs nor Defendants know the results of the BCI investigation since the investigatory file has not been released as a public record.

4.      Defendants deny that they can be liable to Plaintiffs for any legal claim arising from the fact that Amanda Dean is allegedly missing or any damages which the Plaintiffs claim to have suffered.  Defendants have not allowed a murderer to "walk free" in the community when, in fact, it has not been established that a murder of Amanda Dean occurred in Huron County or that the Huron County Sheriff's Office even knew -- if it is true at all -- that Amanda Dean once again went missing after she was discovered to have been safe in a shelter in July 2017.   All factual allegations and legal conclusions set forth in Paragraph 4 of the Complaint are denied.

5.      Defendants incorporate their admissions, denials and responses to Paragraphs 1-5 of the Complaint as if fully rewritten herein.

2

6. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6 of the Complaint and on that basis deny same.

7. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Complaint and on that basis deny same.

8. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8 of the Complaint and on that basis deny same.

9. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9 of the Complaint and on that basis deny same.

10. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint and on that basis deny same.

11. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the Complaint and on that basis deny same.

12. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 of the Complaint and on that basis deny same.

13. Defendants admit that Todd Corbin is the Huron County Sheriff and resides in Huron County, but due to confidentiality and safety concerns pertinent to law enforcement officers, declines to admit or deny that the residential address attributed to him in the Complaint is accurate.

14. Defendants admit that Shannon Lyons is a Detective Sergeant in the Huron County Sheriff's Office and resides in Huron County, but due to confidentiality and safety concerns pertinent to law enforcement officers, declines to admit or deny that the residential address attributed to this Defendant in the Complaint is accurate.

15. Defendants admit the allegations of Paragraph 15 of the Complaint.

16.     Defendants admit that Coty Bravo is a deputy in the Huron County Sheriff's Office and resides in Huron County, but due to confidentiality and safety concerns pertinent to law enforcement officers, declines to admit or deny that the residential address attributed to him in the Complaint is accurate.

17.     Defendants deny the allegations of Paragraph 17 of the Complaint since no employees of HCSO recklessly made false and misleading statements to anybody about the investigation of Amanda Dean's disappearance.

18.     Defendants incorporate their admissions, denials and responses to Paragraphs 1-17 of the Complaint as if fully rewritten herein.

19.     The allegations of Paragraph 19 of the Complaint pertain to the jurisdiction of the Ohio Common Pleas Court in which this case was initially filed.  Those allegations are now inaccurate or irrelevant since the case has been properly removed to this U.S. District Court.

20.     The allegations of Paragraph 20 of the Complaint pertain to the venue of the Ohio Common Pleas Court in which this case was initially filed.  Those allegations are now inaccurate or irrelevant since the case has been properly removed to this U.S. District Court.

21.     Defendants incorporate their admissions, denials and responses to Paragraphs 1-20 of the Complaint as if fully rewritten herein.

22.     Defendants do not have personal knowledge of the events alleged in Paragraph 22 of the Complaint, and therefore cannot admit, and thus deny, those allegations.

23.     Defendants do not have personal knowledge of the events alleged in Paragraph 23 of the Complaint concerning the actions and communications of Amanda Dean and Shannon Dean, and therefore cannot admit, and thus deny, those allegations.  Defendants admit that

4

Deputy Kaufman went to 1744 Wells Road on January 11, 2017 to assist Shannon in finding Amanda.

24.     The allegations of Paragraph 24 of the Complaint appear to attempt to track the content of a January 11, 2017 Supplement to a Huron County Sheriff's Office Incident report attached as Exhibit A to the Complaint.  To the extent the allegations conform to and are read in context with the balance of the document, they are admitted.

25.     Responding to Paragraph 25 of the Complaint, Defendants admit that no arrest was made on January 11, 2017, but state that the decision as to whether to arrest was made after consultation with and upon the advice of the assistant prosecutor.

26.     Defendants deny the allegations of Paragraph 26 of the Complaint because Deputy Kaufman did not personally make the decision of whether to make an arrest, but rather deferred to the directives of the assistant prosecutor with whom Deputy Kaufman consulted.  The terms of the Revised Code section cited in Paragraph 26 of the Complaint speak for themselves. Defendants admit those allegations only insofar as the terms of the statute are considered in their entirety and in context with each other.

27.     Defendants do not have personal knowledge of the events alleged in Paragraph 27 of the Complaint concerning the Dean family's contacts, or lack thereof, with Amanda prior to July 11, 2017 and, therefore, Defendants cannot admit, and thus deny, those allegations. Defendants admit that Shannon Dean initiated a law enforcement report about Amanda being missing on or about July 11, 2017.

28.     Defendants admit that, among various actions taken in response to Shannon's report, Deputy Lyons went to 1744 Wells Road in Collins Ohio, but state that the premises were owned by Lorinda Reer who advised that Amanda Dean was no longer staying at the residence.

29.     Defendants admit the allegations of the first two sentences of Paragraph 29 of the Complaint.  Defendants deny the allegations of the third sentence of Paragraph 29 of the Complaint.  Defendants admit that the document attached to the Complaint as Exhibit B appears to comprise parts or all of an incident report of the Huron County Sheriff's Office ("HCSO.)

30.     The allegations of Paragraph 30 of the Complaint are said to recount the contents of an HCSO report.  To the extent the allegations accurately summarize the report in context, they are admitted, but if they do not, they are denied.

31. The allegations of Paragraph 31 of the Complaint appear to be an attempt to recount the contents of an HCSO report.  To the extent the allegations accurately summarize the report in context, they are admitted, but if they do not, they are denied.

32.     The allegations of the first three sentences of Paragraph 32 of the Complaint purport to summarize the contents of an HCSO report.  To the extent the allegations accurately summarize the report in context, they are admitted, but if they do not, they are denied. Defendants deny the allegations of the fourth sentence of Paragraph 32 of the Complaint.

33.     The allegations of Paragraph 33 of the Complaint purport to summarize the contents of an HCSO report.  To the extent the allegations accurately summarize the report in context, they are admitted, but if they do not, they are denied.   Further pleading, Defendants state that Amanda Dean was discovered to be safe at a local domestic violence shelter on or about July 12, 2017 as a result of investigation work undertaken by Defendant Corbin.

34.     Defendants deny the allegations of Paragraph 34 of the Complaint.

35.     The allegations of Paragraph 35 of the Complaint appear to be an attempt to recount the contents of an HCSO report.  To the extent the allegations accurately summarize the report in context, they are admitted, but if they do not, they are denied

6

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.  Further pleading, the Dean family had no further contact with the HCSO about Amanda Dean until December 2022.

38. Defendants lack personal knowledge of the Dean family's beliefs or what they told the media and therefore deny the allegations of Paragraph 38 of the Complaint.

39. Defendants lack personal knowledge of the Dean family's beliefs, their actions, or their involvement with the media and therefore, they deny the allegations of Paragraph 39 of the Complaint.

40. Defendants lack knowledge of what happened to Amanda Dean after she was discovered to be safe at a domestic violence shelter in July 2017, and therefore, they deny the allegations of Paragraph 40 of the Complaint.

41. Defendants deny the allegations of Paragraph 41 of the Complaint.

42. Defendants deny the allegations of Paragraph 42 of the Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Complaint.  Further pleading, after the Dean family contacted HCSO in December 2022 to report Amanda Dean was missing, an investigation by HCSO was commenced, and also Sheriff Corbin assured that the matter was submitted to the Ohio Bureau of Criminal Investigation for further investigation.

44. The allegations of Paragraph 44 of the Complaint appear to quote a portion of an email exchange with a reporter which attributes statements to Defendant Corbin.   To the extent the allegations of Paragraph 44 of the Complaint accurately summarize Defendant's Corbin's statements in context with the entire email exchange, they are admitted, but otherwise they are denied.

45.     Defendants deny the allegations of Paragraph 45 of the Complaint.

46.     Defendants deny the allegations of Paragraph 46 of the Complaint.

47.     Defendants deny the allegations of Paragraph 47 of the Complaint.

48.     Defendants deny the allegations of Paragraph 48 of the Complaint.

49.     The allegations of Paragraph 49 of the Complaint purport to summarize the legal requirements related to the Ohio domestic violence statute.  Those requirements speak for themselves, and Defendants do not admit, and therefore deny, Plaintiff's application of those statutory requirements to the facts which existed in January 2017, particularly since the assistant prosecutor advised HCSO that no arrest should be made.

50.     Defendants deny the allegations of Paragraph 50 of the Complaint.

51.     Defendants deny the allegations of Paragraph 51 of the Complaint.

52.     Defendants deny the allegations of Paragraph 52 of the Complaint.   Further pleading, it was Sheriff Corbin's request -- not any action by the Dean family or a non-profit organization -- which initiated the BCI investigation.

53.     Defendants lack personal knowledge of the allegations contained in Paragraph 53 of the Complaint, and therefore, deny those allegations.

54.     Defendants incorporate their admissions, denials and responses to Paragraphs 1-53 as if fully rewritten herein.

55.     Responding to Paragraph 55 of the Complaint, Defendants admit that a cause of action is created under 42 U.S.C. §1983 when one acting under color of law violates a person's constitutional rights, but deny that this is a full and complete description of the proof elements of the cause of action.

56. Responding to Paragraph 56 of the Complaint, Defendants state that the language of the Fourteenth Amendment speaks for itself, and that the allegations of Paragraph 56 are admitted only to the extent they are an accurate summarization of its terms and historical interpretation.

57. Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Complaint.

59. Defendants deny the allegations of Paragraph 59 of the Complaint.

60. Defendants deny the allegations of Paragraph 60 of the Complaint.

61. Defendants deny the allegations of Paragraph 61 of the Complaint.

62. Defendants deny the allegations of Paragraph 62 of the Complaint.

63. Defendants deny the allegations of Paragraph 63 of the Complaint.

64. Defendants incorporate their admissions, denials and responses to Paragraphs 1-63 as if fully rewritten herein.

65. Defendants deny the allegations of Paragraph 65 of the Complaint.

66. Defendants deny the allegations of Paragraph 66 of the Complaint.

67. Defendants deny the allegations of Paragraph 67 of the Complaint.

68. Defendants deny the allegations of Paragraph 68 of the Complaint.

69. Defendants deny the allegations of Paragraph 69 of the Complaint.

70. Defendants deny the allegations of Paragraph 70 of the Complaint.

71. Defendants incorporate their admissions, denials and responses to Paragraphs 1-70 as if fully rewritten herein.

72. Defendants deny the allegations of Paragraph 72 of the Complaint.

73. Defendants deny the allegations of Paragraph 73 of the Complaint.

74. Defendants deny the allegations of Paragraph 74 of the Complaint.

75. Defendants deny the allegations of Paragraph 75 of the Complaint.

76. Defendants deny the allegations of Paragraph 76 of the Complaint.

77. Defendants incorporate their admissions, denials and responses to Paragraphs 1-77 as if fully rewritten herein.

78. Defendants deny the allegations of Paragraph 78 of the Complaint.

79. Defendants deny the allegations of Paragraph 79 of the Complaint.

80. Defendants deny the allegations of Paragraph 80 of the Complaint.

81. Defendants deny the allegations of Paragraph 81 of the Complaint.

82. Defendants deny the allegations of Paragraph 82 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

83. The Complaint fails to state a claim for which relief may be granted against any of the named Defendants.

## SECOND AFFIRMATIVE DEFENSE

84. Plaintiffs' claims are barred by various doctrines of common law and statutory immunity including, but not limited to, qualified immunity and the immunity afforded public officials under Ohio R.C. Chapter 2744.

## THIRD AFFIRMATIVE DEFENSE

85. Plaintiffs' state equal protection claim is barred because Ohio has not enacted enabling legislation comparable to 42 U.S.C. § 1983 to enforce the rights enumerated in its Constitution.  A provision under the Ohio Constitution only creates a private cause of action if it is self-executing.  Article I, Section 2 of the Ohio Constitution is not a self-executing provision, and therefore, it does not create an independent cause of action.

## FOURTH AFFIRMATIVE DEFENSE

86.    Plaintiff's federal equal protection claim is barred because Defendants have not burdened a fundamental right, targeted a suspect class, or intentionally treated Plaintiffs differently than others similarly situated without any rational basis for the difference.

## FIFTH AFFIRMATIVE DEFENSE

87.    No ill-will or animus motivated Defendants' conduct, which was reasonable and professional in all respects.

## SIXTH AFFIRMATIVE DEFENSE

88.    The investigation undertaken by the HCSO in 2017 determined that Plaintiff Amanda Dean was safe at a domestic violence shelter thus establishing a reasonable, rational and non-discriminatory basis for determining that no further investigation was necessary until the Dean family made a new report that Amanda Dean was missing in December 2022.  At that time, a new investigation was undertaken, and the matter was also submitted to the Ohio Bureau of Criminal Investigation.  These were reasonable, rational and non-discriminatory responses to the situation at that time.

## SEVENTH AFFIRMATIVE DEFENSE

89.    The losses and damages allegedly sustained by Plaintiffs were directly and proximately caused by persons, entities or circumstances of others, and none of those alleged losses and damages were directly and proximately caused by the conduct of any of the Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

90.     The doctrines of intervening and superseding cause apply to limit liability and/or damages.

## NINTH AFFIRMATIVE DEFENSE

91.     Plaintiffs' claims are barred by the applicable statute of limitations or the equitable doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

92.     Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

## ELEVENTH AFFIRMATIVE DFENSE

93.     Defendants have acted in good faith, and consistently with the duties imposed upon them by virtue of their office or employment.

## TWELFETH AFFIRMATIVE DEFENSE

94.     Plaintiffs' own conduct in failing to seek assistance from the HCSO after July 2017 until December 2022 directly caused or contributed to their claimed losses and/or damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

95.     Punitive damages may not be recovered from these Defendants as a matter of fact or law under the circumstances of this case.

## FOURTEENTH AFFIRMATIVE DEFENSE

96.     Defendants are entitled to all limitations or caps on damages set forth in all parts of the Ohio Revised Code, including but not limited to those set forth in R.C. Chapter 2744 and Chapter 2315.

## FIFTEENTH AFFIRMATIVE DEFENSE

97.  As public officials and employees, Defendants are entitled to collateral source offsets on damages as provided in Chapter 2744 of the Ohio Revised Code.

## SIXTEENTH AFFIRMATIVE DEFESNE

98.  Plaintiff's purported damages are speculative and cannot be established with reasonable certainty.

Respectfully submitted,

**SPENGLER NATHANSON P.L.L.**

*/s/ Teresa L. Grigsby*
Teresa L. Grigsby (0030401)
tgrigsby@snlaw.com
Jennifer A. McHugh (0084842)
jmchugh@snlaw.com
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio  43604
Telephone:  (419) 241-2201
Facsimile:  (419) 241-8599
*Attorneys for Defendants Sheriff Todd Corbin, Deputies Shannon Lyons, Joshua Kaufman, and Coty Bravo*

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of February 2025, a copy of the foregoing instrument was filed electronically with the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

This is to certify that a copy of the foregoing has also been served via email this 5th day of February 2025, upon:

Michael J. Hunter
W. Benjamin Reese
Flannery Georgalis LLC
175 South Third St., Ste 1060
Columbus OH  43215
mhunter@flannerygeorgalis.com
breese@flannerygeorgalis.com

*Attorneys for Plaintiffs*

/s/ *Teresa L. Grigsby*
Teresa L. Grigsby

749917

14